**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLORADO**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| Frank Anthony Arenas ) | Case No. 14-11406-HRT |
| SSN: xxx-xx-0544, ) | Chapter 7 |
| Sarah Eve Arenas ) | |
| SSN: xxx-xx-1389, ) | |
| ) | |
| Debtors. ) | |

**UNITED STATES TRUSTEE'S MOTION TO DISMISS**
**DEBTORS' CASE UNDER 11 U.S.C. §707(a)**

The United States Trustee for Region 19 ("UST"), by and through his undersigned counsel, moves the Court to dismiss this case, for cause, under 11 U.S.C. § 707(a). The Debtors appear to be engaged in the marijuana industry and the Court should not enforce the protections of the Bankruptcy Code to aid violations of the federal Controlled Substances Act. In support of the Motion to Dismiss, the UST respectfully states and alleges as follows:

1.  The Court has jurisdiction over this matter under 28 U.S.C. § 1334(a) and (b), 28 U.S.C. § 157(a) and (b)(1) and 28 U.S.C. § 151. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O). This Motion to Dismiss is filed pursuant to 11 U.S.C. § 707(a).

2.  Frank Anthony Arenas and Sarah Eve Arenas (together, the "Debtors") filed a voluntary petition for relief under chapter 7 of title 11, United States Code, on February 12, 2014. On that date, the Debtors also filed their Schedules and Statement of Financial Affairs (the "SoFA").

3.  Joseph Rosania was appointed Chapter 7 Trustee in this case and continues to serve in that capacity.

4.  The chapter 7 meeting of creditors under 11 U.S.C. § 341 was held on March 10, 2014.

5.  According to the Debtors' Schedule A, the Debtors own commercial property located at 2863 Larimer St. in Denver. Counsel for the Debtor has advised the UST that the Debtors lease a portion of that building to Denver Patients Group LLC, which is a marijuana dispensary.

6.  Counsel for the Debtors has also advised the UST that the Debtors use a portion of the building to grow marijuana. While the Debtors did not disclose any interest in marijuana plants or inventory in their Schedules, the Debtors did disclose on Schedule B their interest in

growing lamps and air conditioning equipment. In their Statement of Financial Affairs, the Debtors generally disclose that they are engaged in the "husbandry" business.

7. According to the Schedules, there is no equity in the commercial building. However, the Trustee has received preliminary communications concerning a potential purchase of the building by the existing tenant, which could result in the estate receiving net sale proceeds.

## RELIEF REQUESTED

8. Pursuant to 11 U.S.C. § 707(a), the Court may dismiss a chapter 7 case for "cause." Although § 707(a) lists three examples of what may constitute "cause" for dismissal, the list is not exclusive. See, e.g., In re Garza, 2013 WL 3155105, at *2 (Bankr. D. Colo. June 21, 2013). The Court has discretion in determining whether to dismiss a case under § 707(a), and in making the decision, should consider the totality of the circumstances. See Id. at *3. Generally, courts should consider all of the facts and circumstances of the particular case to determine whether "cause" for dismissal exists within the meaning of § 707(a). See Id. A finding of "cause" in any context is, at bottom, an equitable determination. See Id.

9. In Rent-Rite Super Kegs West, Ltd., 484 B.R. 799, 803-04 (Bankr. D. Colo. 2012), this Court found that by owning and leasing warehouse space to tenants engaged in the cultivation of marijuana, a chapter 11 debtor-in-possession was engaged in an ongoing criminal violation of the federal Controlled Substances Act, 21 U.S.C. §§ 801-904. The Court found that it could not be asked to enforce the protections of the Bankruptcy Code in aid of a debtor whose activities constitute a continuing federal crime. See Id. at 805. The Court determined that the debtor's violation of federal criminal law justified the application of the clean hands doctrine. See Id. at 807. The Court then considered the clean hands doctrine in addition to the non-exclusive examples of cause under 11 U.S.C. § 1112(b) and found that the debtor's continued criminal activity constituted "cause" for dismissal or conversion. See Id. at 807-09.

10. The UST submits that there is similarly "cause" for dismissal of this case under § 707(a). As in Rent-Rite, the Debtors own a building and lease space to a tenant engaged in marijuana-related operations. However, in addition, the Debtors are themselves involved in the cultivation of marijuana in that building. Moreover, in Rent-Rite, the Court observed that if that case were converted to chapter 7, the trustee would have responsibility for a site where continuing criminal conduct is taking place. See Id. at 810. The UST does not believe that the Trustee should be placed in the position of administering assets currently used in connection with marijuana-related businesses.

WHEREFORE, pursuant to 11 U.S.C. §707(a), the United States Trustee respectfully requests that the Court dismiss this case and grant such other and further relief to which the United States Trustee may justly be entitled.

Dated:  March 21, 2014                          Respectfully submitted,

                                                                        RICHARD A. WIELAND
                                                                        UNITED STATES TRUSTEE

                                                                        **/s/ Alan K. Motes**
                                                                        By: Alan K. Motes, #33997
                                                                        Trial Attorney for the U.S. Trustee
                                                                        999 18th Street, Suite 1551
                                                                        Denver, Colorado 80202
                                                                        (303) 312-7999 telephone
                                                                        (303) 312-7259 facsimile
                                                                        Alan.Motes@usdoj.gov


**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the **UNITED STATES TRUSTEE'S MOTION TO DISMISS DEBTORS' CASE UNDER 11 U.S.C. §707(a)**, notice, and proposed order were mailed, postage prepaid, at the date set forth below to the following individuals.

Dated:  March 21, 2014

Frank Anthony Arenas
3490 W. 36th Ave.
Denver, CO 80211

Sarah Eve Arenas
3490 W. 36th Ave.
Denver, CO 80211

George Dimitrov
455 Sherman St., Ste. 110
Denver, CO 80203

Joseph Rosania
950 Spruce St.
Suite 1C
Louisville, CO 80027

                                                                      /s/ Nicole Nagler
                                                                      Office of the United States Trustee