UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| IN RE: | ) |
| | ) |
| Frank Anthony Arenas | ) Case No. 14-11406-HRT |
| SSN: xxx-xx-0544, | ) Chapter 7 |
| Sarah Eve Arenas | ) |
| SSN: xxx-xx-1389, | ) |
| | ) |
| Debtors. | ) |

DEBTORS' OBJECTION TO THE UNITED STATES TRUSTEE'S MOTION TO DISMISS
DEBTORS' CASE UNDER 11 U.S.C. §707(a)

1. The Debtors in the above-captioned Chapter 7 Case by and through their undersigned Counsel hereby object to the U.S. Trustee's Motion to Dismiss the Debtors' case under 11 U.S.C. §707(a) and in support thereof states as follows:

2. The Debtors filed for bankruptcy protection under Chapter 7 of the U.S. Bankruptcy Code on February 12th, 2014 (Docket No. 1).

3. Joseph Rosania, Esq. (hereinafter the "Trustee") was appointed as Trustee of the Debtors' Chapter 7 Estate (the "Estate") on February 12th, 2014 (Docket No. 12).

4. The Debtors appeared for examination at the §341(a) Meeting of Creditors on March 10th, 2014 at the US Trustee's Office at 1999 Broadway, Eight Floor, Room A, Denver, CO 80202.

5. On March 21st, 2014, the U.S. Trustee filed a Motion to Dismiss the instant case on the grounds of the Debtors' ownership of a commercial real estate that is leased to a marijuana dispensary and the Debtors' alleged cultivation of marijuana within the same real estate. In support thereof, the U.S. Trustee cited to Rent-Rite Super Kegs West, Ltd., 484 B.R. 799, 803-04 (Bankr. D. Colo. 2012), thereby invoking the doctrine of clean hands, under which the Court could not be asked to enforce the protections of the Bankruptcy Code in aid of a debtor whose activities constitute a continuing federal crime. See Id. at 805.

6. In opposition of the Trustee's Motion to Dismiss, the Debtors find any analogies between the facts in the instant case and those in Rent-Rite as misguided. Specifically, the Debtor in Rent-Rite sought reorganization of its financial affairs through the confirmation of a Chapter 11 plan that was funded entirely with ill-gained funds. Conversely, the Debtors here have filed for relief under Chapter 7 and their bankruptcy petition clearly lists their business entities as Debtors in the case. Therefore, all such entities are subject to dissolution and liquidation in Chapter 7 pursuant

to 11 U.S.C. § 363(b)(1). Furthermore, the U.S. Trustee has been apprised of the Debtors' intent to discontinue any further involvement in the marijuana industry following the order for relief.

    7. In Paragraph 10 of the Motion to Dismiss, the U.S. Trustee states that the Chapter 7 Trustee should not be placed in the position of administering assets currently used in connection with marijuana-related businesses. However, the U.S. Trustee also points in Paragraph 7 of the Motion that the Debtors' commercial property at 2863 Larimer St., Denver, CO 80205 is over encumbered and therefore lacks equity. In turn, the Debtors are confused as to what assets may be administered by the Chapter 7 Trustee and find this argument unpersuasive.

    8. The U.S. Trustee also points out that the Debtors have leased 2863 Larimer St., Unit B/102, Denver, CO 80205 to Denver Patients Group LLC (the "Tenant") which is a marijuana dispensary. However, the U.S. Trustee fails to disclose that the Debtors had attempted to evict the Tenant by filing forcible entry and detainer proceedings with the Denver District Court in 2013. Although unsuccessful in their eviction lawsuit, the Debtors feel strongly that this Court will reject the Tenant's lease pursuant to 11 U.S.C. § 365(a) and deny any further relief under 11 U.S.C. § 365(h)(1)(A)(ii) as the Tenant is a criminal enterprise without standing in bankruptcy court.

    WHEREFORE the Debtors respectfully pray that the Court deny the U.S. Trustee's Motion to Dismiss and grant any other further relief as it may deem proper under the Bankruptcy Code and the Rules.

Dated: April 11, 2014                      By: /s/*George T. Dimitrov*
                                                      *Counsel to the Debtors*
                                                      Attorney Reg. No. 40927
                                                      455 Sherman St., Suite 110
                                                      303-282-6550 Office
                                                      720-836-6365 Facsimile
                                                      george@5280bankruptcy.com