## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### Honorable Howard R. Tallman

| | |
|---|---|
| In re: | ) |
| | ) |
| **FRANK ANTHONY ARENAS** and | ) **Case No. 14-11406 HRT** |
| **SARAH EVE ARENAS,** | ) |
| | ) **Chapter 7** |
| **Debtors.** | ) |
| | ) |

## ORDER ON MOTION FOR
## STAY PENDING APPEAL

This case comes before the Court on Debtors' *Motion for Stay of Proceedings to Enforce Judgment Pending Appeal* (docket #80) (the "Motion").

Debtors have appealed the Court's *Order on the United States Trustee's Motion to Dismiss and the Debtors' Motion to Convert* (docket #73) (the "Dismissal Order").

By the Court's Dismissal Order, it dismissed the Debtors' bankruptcy proceeding. Mr. Arenas is engaged in the business of growing marijuana for medical marijuana patients. It is a business that is not illegal under Colorado state law but is illegal under the federal Controlled Substances Act, 21 U.S.C. § 801 et seq. (the "CSA"). The Court found that administration of a chapter 7 bankruptcy estate would be impracticable because the chapter 7 trustee would necessarily violate the CSA in the course of routine administration of the chapter 7 estate. Nor did the Court permit the Debtors to convert their case to a case under chapter 13 because the Bankruptcy Code's requirement that a chapter 13 plan must be "proposed in good faith and *not by any means forbidden by law*," 11 U.S.C. § 1325(a)(3) (emphasis added), would not permit the Court to confirm a plan funded by activity that violates federal criminal law.

The Debtors' appeal raises important questions. As illustrated by this case, the intersection between the federal marijuana prohibition and state level liberalization of marijuana laws[1] significantly complicates bankruptcy proceedings where those issues arise. For a trustee, taking custody of and administering assets that are used in the commission of a federal crime can involve a trustee in conduct that violates the federal criminal law. Because of those complications in this case, the Court found that bankruptcy relief was impossible to grant to these Debtors.

---

[1] "As of June 2014, 23 states have legalized cannabis for medical use with three states pending legislation." *Medical cannabis in the United States*, Wikipedia, http://en.wikipedia.org/wiki/Medical_cannabis_in_the_United_States (last visited Oct. 8, 2014).

ORDER ON MOTION FOR
STAY PENDING APPEAL
Case No. 14-11406 HRT

The policy of The United States Department of Justice, with respect to state citizens who are acting in compliance with liberalized state marijuana laws, is to initiate enforcement actions under the CSA primarily where overriding federal concerns are implicated.[2]  The same Department of Justice, through the United States Trustee (the "UST"), moved to dismiss these Debtors' bankruptcy case on account of conduct which does not appear to implicate the type of federal concerns that would typically lead a United States Attorney to initiate a criminal prosecution or other enforcement action under the CSA.

In the Court's view, these are issues that must be addressed through legislative action on the federal level.  At the same time, the Court understands the dilemma faced by state citizens whose conduct does not violate state drug laws but who may find themselves denied bankruptcy relief because their conduct does violate the CSA.

In order for the Debtors to obtain a stay of the Court's Dismissal Order under FED. R. BANKR. P. 8005, pending the prosecution of their appeal, the Debtors "must address the following factors: (1) the likelihood of success on appeal; (2) the threat of irreparable harm if the stay . . . is not granted; (3) the absence of harm to opposing parties if the stay . . . is granted; and (4) any risk of harm to the public interest."  *F.T.C. v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 852 (10th Cir. 2003) (citing *Homans v. City of Albuquerque*, 264 F.3d 1240, 1243 (10th Cir. 2001)).

"As with a motion for a preliminary injunction, a 'sliding scale' approach applies; the greater the moving party's likelihood of success on the merits, the less heavily the balance of harms must weigh in its favor, and vice versa."  *In re A & F Enterprises, Inc. II*, 742 F.3d 763, 766 (7th Cir. 2014) (citations omitted).  If the Debtors should make "a 'strong showing' on the last three factors, the showing on the merits of [their] claim could be relaxed."  *Davis v. Mineta*, 302 F.3d 1104, 1116-17 (10th Cir. 2002) (describing the "sliding scale" in the context of a preliminary injunction).

The Court will not belabor its analysis of the above factors.  The Court finds that the balance of the harms favors granting the stay.  In the Court's Dismissal Order, after hearing evidence at the trial of the UST's motion to dismiss, the Court recognized that the denial of bankruptcy relief would be "devastating" to the Debtors.  (Dismissal Order at p. 9).  Also, in its response to the Debtors' Motion, the UST has not alleged that the creditors would suffer any

---

[2] Memorandum for All United States Attorneys from James M. Cole, Deputy Attorney General, on Guidance Regarding Marijuana Enforcement, August 29, 2013.  The memorandum lists eight enforcement priorities for United States Attorneys to focus on when initiating enforcement actions.  Those priorities include concerns such as distribution of marijuana to minors; diversion of marijuana revenues to criminal enterprises; and diverting legally produced marijuana into states where its production and use have not been legalized.

ORDER ON MOTION FOR
STAY PENDING APPEAL
Case No. 14-11406 HRT

harm if the Court's Dismissal Order is stayed and the UST asserted that it does not oppose the stay.  Given that the UST is statutorily tasked with supervising "the administration of cases and trustees in cases under chapter 7 . . . ," 28 U.S.C. 586, and is the party that sought dismissal of the Debtors' case in the first instance, his lack of opposition to the Debtors' Motion is significant to the Court.  Thus, the balance of the harms strongly favors granting a stay pending appeal.

The Court does not believe the public interest factor is applicable in this case.  The ultimate resolution of the issues on appeal may strongly impact the public interest.  But, in the context of whether to grant a stay pending appeal, the focus is much more narrow.  The Court considers only whether the public interest is impacted by the Court's decision to grant a stay.  Here, granting a stay pending appeal only affects the immediate parties to the Debtors' bankruptcy proceeding.  The Court does not believe its decision to grant a stay in these Debtors' individual bankruptcy case negatively impacts any larger public interest.

That brings the Court to the merits of the Debtors' appeal.  In the Court's initial consideration of the UST's motion to dismiss the Debtors' case, the Court's interpretation of the law led it to grant the UST's motion.  Further examination of the issues has not changed the Court's view and the Court's opinion is that the Debtors' likelihood of success on the merits of their appeal is not great.

At the same time, the Court found a dearth of published legal precedent with respect to the precise issues that the Debtors' case and the UST's motion to dismiss presented.  The Court also believes that the Debtors' appeal presents novel and substantial questions of law that will benefit from appellate review.  As a consequence of these factors, the Debtors have raised at least some uncertainty as to the merits of their appeal.

Under the "sliding scale" approach described above, where a court finds the balance of the harms supports granting a stay pending appeal, it need be less concerned with a strong showing that an appellant is likely to prevail on the merits of the appeal.  Even though the Court cannot assess the Debtors' likelihood of success as being great, because the balance of the harms supports granting the stay, the UST does not oppose granting such relief, and the Debtors' appeal raises important legal issues, a stay of the Court's Dismissal Order pending appeal is appropriate in this case.  Therefore, it is

**ORDERED** that Debtors' *Motion for Stay of Proceedings to Enforce Judgment Pending Appeal* (docket #80) is GRANTED.  The Court's *Order on the United States Trustee's Motion to Dismiss and the Debtors' Motion to Convert* (docket #73) is hereby STAYED pending resolution of the Debtors' appeal, BAP No. CO-14-046, in the United States Bankruptcy Appellate Panel of the Tenth Circuit.  It is further

ORDER ON MOTION FOR
STAY PENDING APPEAL
Case No. 14-11406 HRT

**ORDERED** that the Clerk shall serve copies of this Order on all creditors and parties in interest.

Dated this ____16th____ day of October, 2014.

BY THE COURT:

Howard R. Tallman, Judge
United States Bankruptcy Court